Césaɾ Garcés, Petitioner, v. District Court of Arecibo, Luis Mercader, Substitute Judge, Respondent.

Nos. 327, 328, 329. Argued July 15, 1939.—Decided July 19, 1939.

*Diego E. Ramos,* for petitioner. *Luis Mercader, pro se.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

César Garcés was charged before the Municipal Court of Arecibo with an offense of false impersonation on February 21, 1938, with the commission of an assault and battery on December 17, 1938, and with an offense against the Internal Revenue Law, on January 18, 1938.

He was convicted for the three offenses and he filed an appeal against the three judgments entered, before the district court, the record of the first prosecution being filed there on March 26, 1938, the record of the second, on January 17, 1938, and that of the third on April 4, 1938.

Once that the new trials had been set for hearing by the district court, the defendant moved for the continuance of the same through his counsel, and the court granted the motions on May 16, 1938, on May 12, 1938, and on July 1, 1938, respectively.

On June 16, 1939, the defendant filed several motions for the filing away of the three cases. They are substantially the same. It suffices to transcribe the pertinent part of the motion for the continuance of the first prosecution in order to become aware of its grounds. It reads:

"2. That in said motion for a continuance, the defendant waived his right to plead the prescriptive period that may favor him, as well as his right to a speedy trial.

"3. That this defendant has been recently notified to appear for trial in this action, which trial is to be held this coming Tuesday, June 20, 1939.

"4. That from the last postponement granted to the defendant, to the present date, more than A YEAR has elapsed without this defendant having been submitted to trial.

"5. That the waiver referred to in paragraph 2 is effective during 120 days to be counted from the date when the continuance above mentioned was granted, but that once this period has expired it is the defendant's belief that the prescriptive term begins to run anew, there not existing any waiver made by the defendant after said term of 120 days."

The motions were heard, the court overruled them and the defendant filed three petitions for *mandamus* before this Supreme Court. The alternative writs having been issued, the respondent appeared on the 10th of the present month of July and alleged his reasons against the final decree of what had been requested. The petitioner also appeared and argued in favor of his petitions.

 The petitioner invokes the case of *De Gracia* v. *Court*, 52 P.R.R. 589. It is true that in said case this Court decided, copying from the syllabus, that:

"When measures are not adopted to show the readiness of a court to comply with the legislative mandate appearing in subdivision 2 of Section 448 of the Code of Criminal Procedure and material impossibility afterwards prevents such compliance, and not 120 but 340 days have elapsed without any action having been taken in regard to the trial of a pending cause, the constitutional rights of the defendant to a speedy trial are infringed and mandamus lies for the enforcement thereof."

And it is equally true that in each one of the cases which we are now considering terms similar to the one of the case invoked, elapsed without the court taking any action, but in the instant cases the attendant circumstances are very different from those of the case of *De Gracia, supra.*

In that case the trial was never set, nor the defendant moved for any postponement, nor he expressly or impliedly waived his right to a speedy trial, while in the cases at bar the court set the new trials within the term of law, and it was the defendant who moved, for his own benefit, for the continuance of the same, waiving besides, in an express manner, "his right to plead the prescriptive period that may favor him, as well as his right to a speedy trial". And afterwards he did not take any action until he became aware that the court had again set a day for the new trials.

Summarizing the jurisprudence, it is stated in Corpus Juris:

"A defendant may waive his right to a speedy trial. He may do this by consenting to, or by failing to object to, delay, or by expressly requesting delays." 16 C. J. 448.

And it had been stated therein before:

"Defendant is not entitled to his discharge where he has delayed the trial by his own acts, as . . . by moving for, or consenting to, continuances, . . ." 16 C. J. 444.

The fact that after the postponement the term fixed by statute had elapsed in excess, without the court taking action in setting the trial anew, does not have, under the circumstances attendant in this case, any decisive bearing. It would have if the defendant had merely agreed to a continuance requested by the district attorney. Here, as we know, it was the defendant himself who moved for the continuance and not only did he request it but he expressly waived his right to a speedy trial and to "plead the prescriptive term that may favor him", and that waiver of the term was prospective and not retroactive, as the court

had acted with the necessary speediness, setting the cases on time when the motions for postponement were filed and the waivers were made.

In a memorandum filed on behalf of the petitioner by his counsel after the trial, it is greatly insisted that the cases of *People* v. *Cepeda*, 31 P.R.R. 465 and *People* v. *Buckley*, 47, Pac. 1009, favor him.

In the first of said cases this Court, through its Associate Justice, Mr. Franco Soto, expressed itself as follows:

"Before the trial the defendant moved the court to dismiss the action on the ground that 120 days had elapsed without his having been brought to trial, albeit he had not moved for a continuance.

"The district attorney opposed the motion and alleged that in November of 1921 the defendant had agreed to a continuance which the said district attorney had moved for.

"The information was filed on April 4, 1921. In November of 1921, the time to which the district attorney refers, more than seven months had elapsed since the filing of the information. The trial was had on April 3, 1922, or more than 120 days after that continuance.

"We agree that when the defendant gave his consent to the continuance in November, 1921, he tacitly waived his right to a dismissal of the action in accordance with Section 448 of the Code of Criminal Procedure, but we do not agree that his consent to the continuance may be interpreted as an absolute waiver of his right to a speedy trial under Section 11 of the Code of Criminal Procedure and Section 2 of the Organic Act.

"If after the continuance the court does not set a day for the trial within a reasonable time in harmony with the spirit of the law, such reasonable time being made specific by Section 448 of the Code of Criminal Procedure, the right to a dismissal is necessarily revived in the defendant.

"As we have said, here the court permitted more than four months to elapse between the continuance and the trial; therefore, more than the 120 days fixed by the Legislature elapsed and the prosecution should have been dismissed. In not doing this the court erred as assigned by the appellant in his brief."

As it may be seen, the circumstances vary. The implied waiver made by Cepeda was as to his right at the time of requesting the postponement. From that time on the legal

precept was in full force. While in the case at bar the waiver, as we have already pointed out, was prospective and was made in such terms that the right to a speedy trial in itself, was extinguished by the express will of the defendant.

The same difference may be ascertained between this case and that of *Buckley, supra*. There, the Supreme Court of California stated through Mr. Justice Temple:

"The accused was not tried within 60 days after the filing of the information. He asked that the prosecution against him be dismissed for this reason. His motion was denied, and the ruling is relied upon here as error. The constitution and the laws alike guaranty a speedy trial, and section 1282 of the Penal Code prescribes that the prosecution shall be dismissed, unless good cause to the contrary be shown, if a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the filing of the information. The motion was denied on three grounds: (1) The defendant himself applied for and obtained a postponement; . . .'.

"The case was postponed, on the application of defendant, from the 12th of February, 1895, to the 13th,—one day. Does the postponement of one day, on the application of the defendant, deprive him retirely of the constitutional guaranty of speedy trial? Certoinly not and any such construction of the statute would be unreasonable.''

It seems well to state that in the case of *Buckley, supra,* the court entered upon the merits and found that the evidence was insufficient to uphold the verdict of the jury against the defendant, and that the Justices McFarland and Harrison agreed as to that part of the opinion, dissenting as to the part which referred to the dismissal. Another of the judges, Mr. Garoutte, agreed to the reversal for the reasons which he stated in his concurring opinion among which that of the dismissal is not found. Only the Justices Van Fleet and Henshaw agreed as to the entire opinion delivered by Mr. Justice Temple. And it also seems well to call attention to the fact that the continuance obtained by Buckley was for the term of one day, that is, once the trial had been set for February 12, he obtained its continuance until February 13,

and notwithstanding this the trial was not held until March 18.

The foregoing being the circumstances attendant on the three cases, we must dismiss the petitions for a writ of *mandamus* ordering the district court to file them away.

Mr. Justice Travieso took no part in the decision of this case.